IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATCH 26, LLC, an Illinois Limited Liability Company, GAS CAP FUELS, LLC, an Illinois Limited Liability Company and GRAYSLAKE STOP & SHOP, LLC, an Illinois Limited Liability Company,<br><br>      Plaintiffs,<br><br> v.<br><br>LGP REALTY HOLDINGS, LP, a Delaware Limited Partnership, as successor by assignment from PT, LLC, BAPA, LLC and State Oil Company and LEHIGH GAS WHOLESALE, LLC, a Delaware Limited Liability Company,<br><br>      Defendants. | **Plaintiffs demand trial by jury** |

## COMPLAINT

Plaintiffs Catch 26, LLC, Gas Cap Fuels, LLC and Grayslake Stop & Shop, LLC, by and through their attorneys, Sullivan Hincks & Conway, for their Complaint against Defendants LGP Realty Holdings, LP and Lehigh Gas Wholesale, LLC, allege and state as follows:

### THE PARTIES

1. Plaintiff Catch 26, LLC ("Catch 26") is an Illinois limited liability company with its principal place of business in Woodstock, McHenry County, Illinois. Catch 26 is the owner of certain leasehold rights to the motor fuel sales facility (the "Catch Facility") located at 401 S. Eastwood Drive, Woodstock, Illinois 60098 (the "Catch Property"). Catch 26 is a franchisee within the meaning of the Petroleum Marketing Practices Act (the "PMPA"), 15 USC §2801, *et seq.*

2. Plaintiff Gas Cap Fuels, LLC ("Gas Cap") is an Illinois limited liability company with its principal place of business in Ingleside, Lake County, Illinois. Gas Cap is in the process of acquiring the motor fuel sales facility (the "Gas Cap Facility") located at 26025 W. Grand Avenue, Ingleside, IL 60041 (the "Gas Cap Facility") from the Defendants via an Installment Agreement. Gas Cap is a franchisee within the meaning of the PMPA.

3. Plaintiff Grayslake Stop and Shop, LLC ("Grayslake") is an Illinois limited liability company with its principal place of business in Grayslake, Lake County, Illinois. Grayslake is the owner of certain leasehold rights to the motor fuel sales facility (the "Grayslake Facility") located at 735 E. Belvidere Road, Grayslake, IL 60030 (the "Grayslake Facility"). Grayslake is a franchisee within the meaning of the PMPA.

4. Defendant LGP Realty Holdings LP ("LGP") is a Delaware limited partnership with its principal place of business in Allentown, Pennsylvania. LGP is both a franchisor and a distributor as those terms are defined by the PMPA.

5. Defendant Lehigh Gas Wholesale, LLC ("Lehigh Gas") is a Delaware limited liability company with its principal place of business in Allentown, Pennsylvania. Lehigh Gas is both a franchisor and a distributor as those terms are defined by the PMPA.

### JURISDICTION AND VENUE

6. Jurisdiction lies in this Court pursuant to 28 USC § 1331 because this matter arises under the PMPA. Section 2805 of the PMPA provides that enforcement actions may be brought, without regard to the amount in controversy, in the United States District Court in any judicial district in which the principal place of business of the franchisor is located. This court has supplemental jurisdiction pursuant to 28 USC § 1367 over all other contract and common law claims.

7. Venue in this Court is proper pursuant to 28 USC § 1391 because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within this judicial district.

**BACKGROUND FACTS**

8. On or about October 26, 2012, Catch 26 purchased the business assets and good will of the gasoline station then existing and operating on and at the Catch Property. Since that time, Catch 26 invested approximately $250,000 to improve and upgrade the Catch Facility, including, but not limited to replacing gasoline pumps and repairing a water heater and two automobile repair bays.

9. On October 22, 2014, Catch 26, on the one hand, and BAPA, LLC, PT, LLC and State Oil Company, on the other hand, entered into a new Lease of the Catch 26 Property (the "Catch 26 Lease"), a true and accurate copy of which is attached hereto as Exhibit 1. On the same date, October 22, 2014, Catch 26 and State Oil Company entered into a Petroleum Products Supply Agreement (the "Catch 26 Supply Agreement"), a true and accurate copy of which is attached hereto as Exhibit 2. Together, the Catch 26 Lease and the Catch 26 Supply Agreement are fuel supply agreements that form a franchise relationship within the meaning of the PMPA. 15 USC § 2801.

10. On or about April 13, 2013, Gas Cap, Louay Alani and Catch 26, on the one hand and BAPA, LLC, PT, LLC and State Oil Company, on the other hand, entered into an Installment Agreement for Warranty Deed and Personal Property (the "Installment Agreement"), a true and accurate copy of which is attached as Exhibit 3, under which Gas Cap is purchasing the Ingleside Property by making a series of installment payments. On the same date, April 13, 2013, Catch 26 and State Oil Company entered into a Petroleum

3

Products Supply Agreement (the "Gas Cap Supply Agreement"), a true and accurate copy of which is attached hereto as Exhibit 4.  Together, the Installment Agreement and the Gas Cap Supply Agreement are fuel supply agreements that form a franchise relationship within the meaning of the PMPA.  15 USC § 2801.

11. On or about July 29, 2003, Grayslake purchased the business assets and good will of the gasoline station then existing and operating on and at the Grayslake Property. Since that date, Grayslake has invested over $800,000 to repair and improve the Grayslake Facility, including, but not limited to replacing all gasoline pumps and installing all interior fixtures and equipment inside the convenience store portion of the Grayslake Facility.

12. On October 22, 2014, Grayslake, on the one hand, and BAPA, LLC, PT, LLC and State Oil Company, on the other hand, entered into a new Lease of the Grayslake Property (the "Grayslake Lease"), a true and accurate copy of which is attached hereto as Exhibit 5. On the same date, October 22, 2014, Grayslake and State Oil Company entered into a Petroleum Products Supply Agreement (the "Grayslake Supply Agreement"), a true and accurate copy of which is attached hereto as Exhibit 6.  Together, the Grayslake Lease and the Grayslake Supply Agreement are fuel supply agreements that form a franchise relationship within the meaning of the PMPA.  15 USC § 2801.

13. Under the Catch 26 Lease and the Grayslake Lease, Catch 26 and Grayslake, respectively, are required to pay into escrow the costs for real estate taxes and fire and hazard insurance.  To the extent that these escrowed funds exceeded the amounts needed to pay real estate taxes and fire and hazard insurance for a particular year, they must be applied towards later deposits and they may also be used to pay claimed events of default.

14. On information and belief, on or about September 29, 2016, BAPA, LLC, PT, LLC and State Oil Company assigned their interests under the Catch 26 Lease, the Grayslake Lease and the Installment Agreement to LGP. On information and belief, on or about the same date, September 29, 2016, State Oil Company assigned its interest under the Catch 26 Supply Agreement, the Gas Cap Supply Agreement and the Grayslake Supply Agreement to Lehigh Gas.

15. On information and belief, in June 2017, LGP used the escrow funds deposited by Catch 26 and Grayslake to pay the real estate taxes for the Grayslake Property and the Catch 26 Property, having previously used the escrow funds to pay the annual premiums for fire and hazard insurance for those properties. After paying the real estate taxes and insurance premiums, the escrow balance exceeded $40,000.

16. On August 14, 2017, LGP and Lehigh Gas sent a termination letter (the "Termination Letter") to Catch 26, Gas Cap and Grayslake asserting that their respective franchises and ability to continue to sell fuel was being terminated effective August 25, 2017. A true and correct copy of the Termination Letter is attached hereto as Exhibit 7.

## COUNT I
### VIOLATION OF THE PMPA
### TERMINATION OF FRANCHISE RELATIONSHIPS WITHOUT JUST CAUSE

17. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 16 above as if fully recited herein.

18. Section 2802(a) of the PMPA provides as follows:

General prohibition against termination or nonrenewal. Except as provided in subsection (b) and Section 103 (15 USC Section 2803(b)], no franchisor engaged in the sale, consignment, or distribution of motor fuel in commerce may

5

1) terminate any franchise (entered into or renewed on or after the date of enactment of this Act [enacted June 19, 1978]) prior to the conclusion of the term, or the expiration date, stated in the franchise; or

2) fail to renew any franchise relationship (without regard to the date on which the relevant franchise was entered into or renewed).

19. Section 2802(b) of the PMPA provides as follows:

<u>Precondition and grounds for termination or nonrenewal</u>

1) Any franchisor may terminate any franchise (entered into or renewed on or after June 19, 1978) or may fail to renew any franchise relationship, if - -

(A) The notification requirements of section 2804 of this title are met; and,

(B) Such termination is based upon a ground described in paragraph (2) or such nonrenewal is based upon a ground described in paragraph (2) or (3).

20. Section 2804(a) of the PMPA provides as follows:

<u>General requirements applicable to franchisor</u>. Prior to termination of any franchise or nonrenewal of any franchise relationship, the
franchisor shall furnish notification of such termination or such nonrenewal to the franchisee who is a party to such franchise or such franchise relationship - -

(1) In the manner described in subsection (c) of this section; and

(2) Except as provided in subsection (b) of this section, not less than 90 days prior to the date on which such termination or nonrenewal takes effect.

21. Section 2804(c) of the PMPA provides as follows:

<u>Manner and form of notification.</u> Notification under this section - -
(1) shall be in writing;
(2) Shall be posted by certified mail or personally delivered to the franchisee; and
(3) Shall contain -
(A) A statement of intention to terminate the franchise or not to renew the franchise relationship, together with the reasons therefor;

      (B) The date on which such termination or nonrenewal takes effect; and
      (C) The summary statement prepared under subsection (d) of this section.

  22. LGP and Lehigh Gas violated Section 2802 of the PMPA in their Termination Letter by terminating and/or non-renewing their franchise relationships with Catch 26, Gas Cap and Grayslake without any meritorious basis. The Termination Letter claims that Catch 26 and Gas Cap failed to pay sums due in a timely manner, to comply with reasonable and material franchise provisions and to exert good faith efforts to carry out franchise provisions. These claims are pretextual, as the invoices that LGP and Lehigh Gas allege Catch 26 and Gas Cap failed to pay included several spurious charges, including a $11,500 charge for a point-of-sale system that was never installed at the Gas Cap facility. Additionally, LGP and Lehigh Gas failed to credit multiple credit card transactions occurring at the Catch 26 and Gas Cap Facilities that eliminated the outstanding balances claimed to be due, and further, even if the transactions were not credited, failed to apply the more than $40,000 of funds paid by Plaintiffs that remained in escrow after real estate taxes and insurance premiums were paid.

  23. The Termination Letter further claimed that Catch 26 and Grayslake had engaged in "willful adulteration, mislabeling and misbranding of motor fuels and other trademark violations," which allegedly also failed to comply with reasonable and material franchise provisions and to exert good faith efforts to carry out franchise provisions. This claim also is pretextual because Lehigh Gas wrongfully stopped all gasoline shipments to Plaintiffs in the weeks before issuing the Termination Letter, forcing Catch 26 and Grayslake to obtain gasoline shipments from other distributors to be able to remain open for business.

24. Moreover, the Termination Letter claims that Catch 26 and Grayslake had unilaterally changed banking information, thereby preventing Lehigh Gas from initiating Electronic Funds Transfer (EFT) payments, which was again characterized as failing to comply with reasonable and material franchise provisions and to exert good faith efforts to carry out franchise provisions. However, for several months prior to the date of the Termination Letter, Lehigh Gas received multiple EFT payments and failed to remit to Catch 26 and Grayslake in a timely manner the sums that exceeded the amounts that were then due to Lehigh Gas. This practice of holding the overages due Catch 26 and Grayslake was wrongful and jeopardized the continued operations of Catch 26 and Grayslake. Catch 26 and Grayslake only changed their banking information after repeated discussions about this issue with representatives of Lehigh Gas and the failure of Lehigh Gas to remedy the problem.

25. LGP and Lehigh Gas are purporting to terminate their franchise relationships with Plaintiffs for reasons other than those permitted under Sections 2802(b)(2) or (3) of the PMPA, and without any compliance with provisions of Section 2802 of the PMPA. The reasons set forth in the Termination Letter all are false and pretextual.

26. LGP and Lehigh Gas additionally violated Section 2804(a) of the PMPA in the Termination Letter by purporting to terminate or non-renew the franchise relationships with less than 90-days notification.

27. Plaintiffs have performed all duties required of them under the Catch 26 Lease, the Catch 26 Supply Agreement, the Installment Agreement, the Gas Cap Supply Agreement, the Grayslake Lease and the Grayslake Supply Agreement and remains willing and able to perform all such duties in the future.

28. Catch 26, Gas Cap and Grayslake have suffered actual damages as a result of LGP and Lehigh Gas' violations of Section 2802 and 2804 of the PMPA. Catch 26, Gas Cap and Grayslake will also suffer irreparable harm unless LGP and Lehigh Gas are enjoined from terminating the Catch 26 Lease, the Catch 26 Supply Agreement, the Installment Agreement, the Gas Cap Supply Agreement, the Grayslake Lease and the Grayslake Supply Agreement. Plaintiffs have no adequate remedy at law and the balance of harms favors Plaintiffs.

WHEREFORE, Plaintiffs Catch 26, LLC, Gas Cap Fuels, LLC and Grayslake Stop & Shop, LLC respectfully request that this Honorable Court enter a judgment in their favor and against Defendants LGP Realty Holdings, LP and Lehigh Gas Wholesale, LLC which provides the following relief:

(A) An award in favor of Plaintiffs for all compensatory damages that they have sustained;

(B) An award in favor of Plaintiffs of all reasonable attorney's fees and costs;

(C) An award in favor of Plaintiffs of exemplary damages against LGP and Lehigh Gas Wholesale to punish Defendants for acting with reckless disregard of Plaintiffs' rights and to deter Defendants from any similar conduct in the future;

(D) A declaration that LGP and Lehigh Gas cannot terminate the Catch 26 Lease, the Catch 26 Supply Agreement, the Installment Agreement, the Gas Cap Supply Agreement, the Grayslake Lease and the Grayslake Supply Agreement;

(E) An order compelling Lehigh Gas to continue to sell fuel to Plaintiffs at prices set in good faith;

(F) Injunctive relief, costs and such further relief as this Court deems just and appropriate.

## COUNT II
### BREACH OF CONTRACT

29. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 16 above as if fully recited herein.

30. Under the Gas Cap Supply Agreement, the Catch 26 Supply Agreement and the Grayslake Supply Agreement, Lehigh Gas is required to supply Catch 26, Grayslake and Gas Cap with supplies of gasoline reasonable to their sales needs.

31. Plaintiffs have fully performed all obligations owed under the Gas Cap Supply Agreement, the Catch 26 Supply Agreement and the Grayslake Supply Agreement.

32. Lehigh Gas breached the Gas Cap Supply Agreement, the Catch 26 Supply Agreement and the Grayslake Supply Agreement by halting all shipment of gasoline supplies to Plaintiffs without reasonable cause.

33. Plaintiffs have sustained actual damages as a result of Lehigh Gas' breach of the Gas Cap Supply Agreement, the Catch 26 Supply Agreement and the Grayslake Supply Agreement.

WHEREFORE, Plaintiffs Catch 26, LLC, Gas Cap Fuels, LLC and Grayslake Stop & Shop, LLC respectfully request that this Honorable Court enter a judgment in their favor and against Defendant Lehigh Gas Wholesale, LLC in which Plaintiffs are awarded all actual damages they have sustained and their costs and for such further relief as this Court deems just and appropriate.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

        Respectfully submitted,

        CATCH 26, LLC, GAS CAP FUELS, LLC and
        GRAYSLAKE STOP & SHOP, LLC


By:    /s/ John Conway
        One of Their Attorneys


John J. Conway
Sullivan Hincks & Conway
120 West 22nd Street, Suite 100
Oak Brook, IL  60523
(630) 573-5021
Illinois ARDC No. 6217597